BRIAN K. TERRY, ESQ.
Nevada Bar No. 3171
THORNDAL ARMSTRONG DELK
  BALKENBUSH & EISINGER
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
  Mail To:
  P.O. Box 2070
  Las Vegas, NV 89125-2070
Tel.: (702) 366-0622
Fax: (702) 366-0327
E-Mail: bterry@thorndal.com
Attorney for Defendant,
British Airways PLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE A. JAQUES, individually; | CASE NO. |
| Plaintiff, | |
| vs. | **DEFENDANT BRITISH AIRWAYS PLC'S PETITION FOR REMOVAL** |
| BRITISH AIRWAYS PLC, a Foreign Business Corporation, DOES I - X and ROE CORPORATIONS I -X, inclusive, | |
| Defendants. | |

Defendants British Airways PLC, (hereinafter "British Airways"), by and through their

attorneys Thorndal, Armstrong, Delk, Balkenbush and Eisinger and Condon & Forsyth LLP, hereby

files its Notice of Removal to this Court of an action pending against it in the District Court of Clark

County, Nevada.  Removal is based on the following grounds:

　　　　1.　　　　This action was commenced against defendant in the District Court of Clark County,

Nevada, by the filing of a Summons and Complaint on or about May 5, 2020.  The Summons and

Complaint was served upon counsel for defendant British Airways on May 6, 2020.  A copy of the

///

-1-

Summons and Complaint is attached hereto as Exhibit "A."  No further pleadings have been filed in the case.

2.      This Notice of Removal is being filed within thirty days after receipt by defendant British Airways of a copy of the Complaint and, therefore, is timely filed pursuant to 28 U.S.C. §1446(b).

3.      Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that it arises under a treaty of the United States, *i.e.* the Montreal Convention, S. Treaty Doc. 106-45, 1999 WL 33292734 and the action is one that may be removed pursuant to 28 U.S.C. § 1441 without regard to the residence or citizenship of the parties or the amount in controversy.

5.      Therefore, the underlying action may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1331 as plaintiff alleges this action arises under a treaty of the United States.

6.      The action in the District Court of Clark County, Nevada is, therefore, a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§1441 and 1446.

7.      Defendant British Airways simultaneously with the service and filing of this Notice of Removal has given written notice of the filing of this Notice of Removal to plaintiff and filed a copy of the Notice of Removal with the District Court of Clark County, Nevada  as required by 28 U.S.C. § 1446(d).

/ / /

/ / /

/ / /

-2-

WHEREFORE defendant British Airways PLC respectfully requests that this action be removed to this Court.


DATED this _2__ day of _May_____, 2020.

THORNDAL, ARMSTRONG, DELK,
BALKENBUSH & EISINGER


Brian K. Terry, Esq.
Nevada Bar No. 003171
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
    Mail To:
    P.O. Drawer 2070
    Las Vegas, NV 89125-2070
Tel.:  (702) 366-0622
Fax:  (702) 366-0327
E-Mail:  bterry@thorndal.com
Attorney for Defendant,
British Airways PLC

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I am an employee of Thorndal, Armstrong, Delk, Balkenbush & Eisinger and that on this 21 day of May , 2020, I caused to be electronically filed and served a true copy of the attached document upon the following registered filing users pursuant to CM/ECF System set forth in Special Order No. 109 of the United States District Court, District of Nevada and by depositing a true and correct copy of same, enclosed in a sealed envelope upon which first class postage was fully prepaid, in the U.S. Mail in Las Vegas, Nevada, addressed as follows:

Kevin M. Hanratty, Esq.
Hanratty Law Group
1815 Village Center Cir., Suite 140
Las Vegas, Nevada  89134

Attorney for Plaintiff

_____
An employee of THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER

-4-



# EXHIBIT A

# DISTRICT COURT

## CLARK COUNTY, NEVADA

CASE NO: A-20-814588-C
Department 27

MICHELLE A. JAQUES, individually;

      Plaintiff,

vs.

BRITISH AIRWAYS PLC,

      Defendants.

Case No:
Dept No:

**SUMMONS TO DEFENDANT**
**BRITISH AIRWAYS PLC**

NOTICE: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR
BEING HEARD UNLESS YOU RESPOND WITH 20 DAYS.   READ THE INFORMATION BELOW.

TO THE DEFENDANT: **BRITISH AIRWAYS PLC** – A Complaint has been filed by the Plaintiff
against you for the relief set forth in the complaint.

      If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive
of the day of service, you must do the following:

    a.     File with the clerk of the Court, whose address is shown below, a formal written response
           to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    b.     Serve a copy of your response upon the attorney whose name and address is shown below;

    1.     Unless you respond, your default will be entered upon application of the Plaintiff and this
           Court may enter a judgment against your for the relief demanded in the Complaint, which
           could result in the taking to money or property or other relied requested in the Complaint.

    2.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so
           that your response may be filed on time.

STEVEN D. GRIERSON
CLERK OF THE COURT
Clerk County District Court    5/5/2020

Issued at the direction of:

_____ Dated 5/5/20 20

Kevin M. Hanratty, Esq.
Nevada State Bar No.: 007734
HANRATTY LAW GROUP
1815 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
(702) 821-1379

_____
Deputy Clerk Laurie Williams
District Court
CLARK COUNTY COURTHOUSE
200 Lewis Avenue
Las Vegas, Nevada 89155-2511

NOTE:  When service is by publication, add a brief statement of the object of the action.  See Rules of Civil procedures, Rule 4(b)

1

Electronically Filed
5/5/2020 11:32 AM
Steven D. Grierson
CLERK OF THE COURT

1

**COMP (CIV)**
**HANRATTY LAW GROUP**
2
Kevin M. Hanratty, Esq.
State Bar of Nevada No.: 007734
3
1815 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
4
Phone: (702) 821-1379
Fax: (702) 870-1846
5
Email: kevinh@hanrattylawgroup.com
Attorney for Plaintiff, Michelle A. Jaques
6

7

## DISTRICT COURT
8

## CLARK COUNTY, NEVADA
9

10

| | |
|---|---|
| MICHELLE A. JAQUES, individually; | Case No.: A-20-814588-C |
| Plaintiff, | Dept No.: 27 |
| vs. | **COMPLAINT FOR:** |
| BRITISH AIRWAYS PLC, a Foreign Business Corporation, DOES I-X and ROE CORPORATIONS I-X, inclusive, | 1. **Strict Liability under the Montreal Convention;** 2. **Negligence;** 3. **Negligence Per Se;** 4. **Negligent Training and Supervision;** 5. **Respondeat Superior;** |
| Defendants. | |

18

19

COMES NOW the Plaintiff, MICHELLE A. JAQUES, by and through her attorneys,

20

Kevin M. Hanratty, Esq. of HANRATTY LAW GROUP, and hereby complains and alleges

21

against Defendant, BRITISH AIRWAYS PLC, a Foreign Business Corporation, DOES I-X and

22

ROE CORPORATIONS I-X, inclusive, and alleges as follows:

23

## FACTS COMMON TO ALL CLAIMS

24

1.     Plaintiff, MICHELLE A. JAQUES (Hereinafter "Plaintiff JAQUES") was at all

25

times relevant hereto a resident of the County of Clark, State of Nevada and over the age of

26

eighteen years old.

27

28

1

2.      Plaintiff JAQUES is informed, believes and thereon alleges that Defendant, BRITISH AIRWAYS PLC, a Foreign Business Corporation, (Hereinafter "Defendant" "BRITISH AIRWAYS"), is and was a licensed business and currently in good standing in Nevada, on or about May 16, 2018.

3.      The true names or capacities, whether individual, corporate, associate or otherwise of Defendants DOES I - X and/or ROES CORPORATIONS I - X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed, believe and allege that Defendants designated herein as a DOE and/or ROE CORPORATION are any one of the following:

a.      A party responsible in some manner for the events and happenings hereunder referred to, and in some manner proximately caused injuries and damages to the Plaintiff as herein alleged including, but not limited to, responsible for the incident at issue.

b.      Parties that were the agents, servants, authorities and contractors of the Defendants, each of them acting within the course and scope of their agency, employment, or contract;

c.      Parties that own, lease, manage, operate, secure, inspect, repair, maintain and/or are responsible for the incident by the Defendants at the time of this incident; and/or

d.      Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement, sale, transfer or otherwise.

4.      Plaintiff JAQUES is informed, believes and thereon alleges that Defendants, Does 1 through X are employers of Defendants who may be liable for Defendants negligence pursuant to NRS 41.130, which states:

2

Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

5.     That on or about May 16, 2018, Plaintiff JAQUES was on British Airways Flight from Las Vegas to Venice, Italy and was seated in seat 8A.

6.     That as the flight was approximately 35 – 40 away from Venice, Italy, a British Airways Flight Attendant was passing out the drink orders, when suddenly, unexpectedly and without warning, the drink prepared by the British Airways Flight Attendant spilled into Plaintiff JAQUES lap and over her legs and pubic area as she was seated in seat 8A of the flight causing her to sustain second/third degree burns. Plaintiff JAQUES immediately gasped in shock when the scalding hot water made contact with her lap, legs and pubic area. The British Airway Flight Attendant subsequently provided Plaintiff JAQUES with a cooling gel pack and gauze pad for her injuries. Upon landing in Venice, Italy, a British Airway Steward by the name of "Bruno" took a report of the incident and EMT's attended to Plaintiff's serious injuries.

7.     As a result of Defendant BRITISH AIRWAYS's being a signatory to the Montreal Convention and that the incident occurred during the flight from Las Vegas to Venice Italy, along with BRITHISH AIRWAYS being strictly liable for the injuries caused during the flight in question, lack of due care, and negligence, Plaintiff JAQUES suffered injuries as a result of the incident.

8.     That as a result of this accident, Plaintiff JAQUES suffered severe, painful and permanent injuries all in excess of $15,000.00.

///

3

**FIRST CLAIM FOR RELIEF**
**(Strict Liability under the Montreal Convention against Defendant**
**BRITISH AIRWAYS PLC)**

9.    Plaintiff JAQUES repeats and realleges the allegations above paragraphs 1 through 8, as though fully set forth at length herein.

10.    Defendant BRITISH AIRWAYS and the United Kingdom as signatory to the Montreal Convention and as one of the first members to the Convention, operated the flight in question upon which Plaintiff JAQUES sustained her serious life altering injuries during the flight in question.  Further, Plaintiff JAQUES is a resident of Las Vegas, Nevada and was injured on a fight originating from Las Vegas, Nevada with its final destination located in Venice, Italy.

11.    Defendant BRITISH AIRWAYS and its employees are strictly liable for the incident where Plaintiff JAQUES sustained 2nd and 3rd degree burns from the scalding hot water spilling onto to her during the flight in question under Chapter 3 Article 17 of the Montreal Convention.

12.    As a direct result of Defendants strict liability under the Montreal Convention, and each of them, Plaintiff JAQUES suffered serious injuries and was required to seek medical care and incur medical expenses and incurred damages in an amount in excess of $15,000.00.

13.    Plaintiff JAQUES has been required to retain the services of an attorney to prosecute this action against each respective Defendant and is entitled to reasonable attorneys' fees and costs incurred herein.

**SECOND CLAIM FOR RELIEF**
**(Negligence against Defendant**
**BRITISH AIRWAYS PLC)**

14.    Plaintiff JAQUES repeats and realleges the allegations above paragraphs 1 through 13, as though fully set forth at length herein.

///

4

15.     Defendant BRITISH AIRWAYS and the United Kingdom as signatory to the Montreal Convention and as one of the first members to the Convention, operated the flight in question upon which Plaintiff JAQUES sustained her serious life altering injuries during the flight in question.  Further, Plaintiff JAQUES is a resident of Las Vegas, Nevada and was injured on a fight originating from Las Vegas, Nevada with its final destination located in Venice, Italy.

16.     Defendant BRITISH AIRWAYS and its employees had a duty to protect passengers, namely Plaintiff JAQUES, from sustaining personal injuries due to the extremely excessive temperature of the water being served in drinks where Plaintiff JAQUES sustained 2nd and 3rd degree burns from the scalding hot water served to her and that spilled on her during the flight in question.

17.     Defendant BRITISH AIRWAYS and its employees breached its duty to protect passengers, namely Plaintiff JAQUES, from sustaining personal injuries due to the extremely excessive temperature of the water being served in drinks where Plaintiff JAQUES sustained 2nd and 3rd degree burns from the scalding hot water served to her and that spilled on her during the flight in question.

18.     As a direct result of Defendants negligence, and each of them, Plaintiff JAQUES suffered serious injuries and was required to seek medical care and incur medical expenses and incurred damages in an amount in excess of $15,000.00.

19.     Plaintiff JAQUES has been required to retain the services of an attorney to prosecute this action against each respective Defendant and is entitled to reasonable attorneys' fees and costs incurred herein.

///

5

**THIRD CLAIM FOR RELIEF**
(Negligence Per Se against Defendant(s)
**CHRISTOPHER PRESTON HARRISON and
BRITISH AIRWAYS PLC)**

20.     Plaintiff JAQUES repeats and realleges the allegations above paragraphs 1 through 19, as though fully set forth at length herein.

21.     Defendant BRITISH AIRWAYS is strictly liable for injuries to passengers that occur during a flight governed by the Montreal Convention.   Furthermore, the Montreal Convention is a treaty that was entered into by the United States and its citizens in November 2003 and by the United Kingdom and its citizens in June 2004.

22.     Claims against airlines, namely Defendant British Airways, for personal injuries are governed by the Montreal Convention. The Montreal Convention of 1999 was ratified by the United States in November 2003 and the United Kingdom in June 2004. The Montreal Convention provides for the forums in which foreign plaintiffs can file lawsuits against air carriers. The Montreal Convention is a successor to the Warsaw Convention of 1929 and, in addition to important new provisions, consolidates and clarifies prior provisions of the Warsaw Convention. Convention for the Unification of Certain Rules for International Carriage by Air, opened for Signature at Montreal on 28 May 1999, ICAO Doc. No. 4698 [hereinafter Montreal Convention].

23.     The Montreal Convention applies to "all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, *supra*, art. 1 § 1. When the Montreal Convention governs, damages provided under the convention are the only remedy available to foreign plaintiffs against a carrier. In *El Al Israel Airlines v. Tseng*, 525 U.S. 155 (1999), the Court held that personal injury claims arising from aircraft operations within the scope of the convention are not allowed unless permitted under the terms of the convention. *Id.* at 176. In light of the holding in *Tseng*, other federal courts have held that the damages available under the convention are the sole cause of action. *See, e.g., Ugaz v. Am. Airlines*, 576 F. Supp. 2d 1354

6

1   (S.D. Fla. 2008).

2   24.   Under Article 33 of the Montreal Convention, there are five forums in which a

3   plaintiff may bring claims against a carrier namely *(1) the domicile of the carrier; (2) the*

4   *principal place of business of the carrier; (3) the place where the airline ticket was purchased;*

5   *(4) the place of destination; and, (5) in personal injury cases, the principal and permanent place*

6   *of residence of the plaintiff.*

7   25.   A Plaintiff may bring the lawsuit for personal injuries in the forum in which he or

8   she has his or her principal and permanent place of residence, and to or from which the carrier

9   operates flights, and in which the carrier leases or owns commercial premises by itself or by

10  another carrier with which it has a commercial agreement. A "commercial agreement" means an

11  agreement made between carriers and related to joint service of passengers by air. Montreal

12  Convention, *supra*, art. 33 § 3(a).

13  26.   Plaintiff JAQUES' principle and permanent place of residence is Las Vegas,

14  Nevada.

15  27.   Defendant BRITISH AIRWAYS PLC operates numerous flights from McCarren

16  International Airport and Plaintiff JAQUES boarded the flight at McCarren International Airport

17  in Las Vegas Nevada for her trip to Venice, Italy.  Furthermore, Defendant BRITISH AIRWAYS

18  PLC has numerous "commercial agreements" with both McCarren International Airport/Clark

19  County Department of Aviation along with "commercial agreements" with carriers for joint

20  services of passengers by air under the Montreal Convention conveying jurisdiction over British

21  Airways for venue and jurisdiction in Las Vegas, Nevada.

22  28.   As a direct result of Defendant BRITISH AIRWAYS negligence per se, and each

23  of them, and violation of the Montreal Convention, Plaintiff JAQUES suffered serious injuries

24  and medical expenses in an amount in excess of $15,000.00.

25  29.   Plaintiff JAQUES has been required to retain the services of an attorney to

26  prosecute this action against each respective Defendant and is entitled to reasonable attorneys'

27  fees and costs incurred herein.

28

### FOURTH CAUSE OF ACTION
**(Negligent Training and Supervision Against Defendant
BRITISH AIRWAYS PLC)**

30.     Plaintiff JAQUES repeats and realleges the allegations above paragraphs 1 through 29, as though fully set forth at length herein.

31.     Defendant BRITISH AIRWAYS PLC, had advanced knowledge that employees and/or agents were unfit for the purposes of preparing hot drinks to passengers on the British Airways flight in question, and employed such employees with conscious disregard to the rights and safety of other such passengers while on such British Airways fights in question.

32.     Defendant BRITISH AIRWAYS PLC, expressly authorized or ratified the wrongful acts of the employees and/or agents and had a duly to properly train and supervise all such employees for the benefit and protection of Plaintiff JAQUES in this action.

33.     Defendant BRITISH AIRWAYS PLC, breached this duty by failing to properly train and supervise such employees and expressly authorized or ratified the wrongful acts of the employees and/or agents.  As a direct result, Plaintiff has been damaged in excess of $15,000.00.

34.     At all times mentioned herein, Defendant BRITISH AIRWAYS PLC, knew that the improper training and supervision of Defendant's employees would create an unreasonably dangerous condition and it was reasonably foreseeable that the improper training, supervision, control would jeopardize the safety of Plaintiff JAQUES and cause injury to passengers, namely Plaintiff JAQUES, which Defendant BRITISH AIRWAYS PLC, knew would result in serious injury.

36.     That the actions of the Defendant BRITISH AIRWAYS PLC and each of them, have required Plaintiff JAQUES to employ attorneys to represent them in this matter, and are thereby entitled to an award of reasonable attorneys' fees and costs incurred herein.

///

**FIFTH CAUSE OF ACTION**
**(Respondeat Superior Against Defendant BRITISH AIRWAYS PLC)**

37.    Plaintiff JAQUES repeats and realleges the allegations above paragraphs 1 through 36, as though fully set forth at length herein.

38.    Defendant BRITISH AIRWAYS PLC, had advanced knowledge that employees and/or agents were unfit for the purposes preparing hot drinks to passengers on the British Airways flight in question, and employed such employees with conscious disregard to the rights and safety of other such passengers while on such British Airways fights in question.

39.    Defendant BRITISH AIRWAYS PLC, expressly authorized or ratified the wrongful acts of the employees and/or agents and such Defendant employees were acting within the scope of their employment with Defendant BRITISH AIRWAYS PLC.  As a direct result, Plaintiff JAQUES has been damaged in excess of $15,000.00.

40.    At all times mentioned herein, Defendant BRITISH AIRWAYS PLC, knew that the improper training and supervision of Defendant's employees would create an unreasonably dangerous condition and it was reasonably foreseeable that the improper training, supervision, control would jeopardize the safety of Plaintiff JAQUES and cause injury to passengers, namely Plaintiff JAQUES, which Defendant BRITISH AIRWAYS PLC, knew would result in serious injury.

41.    That the actions of Defendant BRITISH AIRWAYS PLC, and each of them, have required Plaintiff JAQUES to employ attorneys to represent her in this matter, and are thereby entitled to reasonable attorneys' fees and costs incurred herein.

///

9

WHEREFORE, Plaintiff MICHELLE A. JAQUES prays for judgment against Defendant and BRITISH AIRWAYS PLC, a Foreign Business Corporation, and each of them, as follows:

1. For general and special damages in a sum in excess of $15,000.00;

2. For compensatory damages, pain and suffering according to proof at the time of trial;

3. For medical expenses;

4. For attorney's fees and costs;

5. For pre and post-judgment interest; and

6. For such other and further relief as the Court deems just and proper under the circumstances.

DATED this 5th day of May, 2020.

**HANRATTY LAW GROUP**

By: */s/: Kevin M. Hanratty, Esq.*
    Kevin M. Hanratty, Esq.
    State Bar of Nevada No.: 007734
    1815 Village Center Circle, Suite 140
    Las Vegas, Nevada 89134
    Attorneys for Plaintiff, *Michelle A. Jaques*